IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

ROBERT S. WONG, a/k/a "Fei Hong"
and JEE CHUNG WONG, a/k/a "Choong,"

    Defendants.

                                   /

No. CR 17-0407 WHA

**MEMORANDUM OPINION RE ADMISSION OF PASSAGE IN FORM 302 UNDER RESIDUAL HEARSAY EXCEPTION**

This memorandum opinion explains why a statement of an absent witness, as memorialized in a FBI Form 302, qualified as admissible under the residual hearsay exception at our recent trial.

In this prosecution for the alleged extension and collection of extortionate loans, defendant Jee Chung Wong moved under the residual hearsay exception to admit a statement made to an FBI agent. The declarant, known as "Bun" at trial, had received a loan from Jee Chung Wong — a transaction arranged by the FBI's confidential human source. Bun was unavailable as a witness at trial, having left the United States earlier in the year. When she was still in the United States, she sat for an interview with FBI Special Agent David Vanderporten. During that interview, she stated that Jee Chung Wong had never threatened her (Dkt. No. 169 at 3). Defendant moved to admit that portion of the interview, as memorialized in the Form 302, under the residual hearsay exception. The government opposed.

Federal Rule of Evidence 807 provides a residual exception to the prohibition against hearsay. Admission under Rule 807 requires four things:

>   1.  The statement has equivalent circumstantial guarantees of trustworthiness;
>   2.  It is offered as evidence of a material fact;
>   3.  It is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts; and
>   4.  Admitting it will best serve the purposes of these rules and the interests of justice.

In our trial, evidence of whether Jee Chung Wong had threatened those to whom he had extended loans was clearly a material fact issue. As clear-cut *Brady* material, the statement in question was also highly probative for Jee Chung Wong. And justice would be served by its admission into evidence.

The remaining issue at trial boiled down to the trustworthiness of the declarant's statement. Our court of appeals has stated that a statement's "circumstantial guarantees of trustworthiness" is the most important factor under Rule 807. *Fong v. Am. Airlines, Inc.*, 626 F.2d 759, 763 (9th Cir. 1980). In determining whether there are such circumstantial guarantees of trustworthiness, we must look to see "if the declarant's truthfulness is so clear from the surrounding circumstances that the test of cross-examination would be of marginal utility." *Idaho v. Wright*, 487 U.S. 805 (1990).

Prior to the ruling, and at the Court's request, Special Agent Vanderporten testified out of the jury's presence as to the circumstances of the declarant's interview and the trustworthiness of her statement. He stated that he had interviewed the declarant at her home for approximately sixty to ninety minutes, that she appeared nervous about being interviewed by the FBI, and that she expressed worry about loan sharks. Ultimately, the special agent testified that the statement in question appeared trustworthy and was consistent with other information he had uncovered during his investigation. In fact, the FBI later terminated its relationship with its source after corroborating the declarant's statement regarding the source's threats of violence against her.

The government's argument that the declarant may not have reported threats of violence from Jee Chung Wong for fear of reprisal is unconvincing in light of her willingness to identify threats made by the FBI's own informant. The above testimony — elicited from the interviewing FBI agent — showed that the hearsay statement at issue in the Form 302 report was trustworthy.

Rule 807 "exists to provide judges a fair degree of latitude and flexibility to admit statements that would otherwise be hearsay." *United States v. Bonds*, 608 F.3d 495, 501 (9th Cir. 2010) (citation omitted). Though trustworthiness may be the most important factor under Rule 807, the rule may only be used in "exceptional circumstances." *Ibid*. Citing *Bonds*, the government argued that the unavailability of the declarant as a witness did not make her statement admissible under Rule 807 (Dkt. 170 at 3). But *Bonds* said more than that.

Emphasizing the district court's discretion, our court of appeals upheld the district court's ruling that the *mere fact* that the declarant refused to testify at trial did not qualify as an "exceptional circumstance" meriting application of Rule 807. *Bonds*, 608 F.3d at 501.

By contrast here, unavailability was but one factor. In addition to the materiality, probative value, and trustworthiness of the statement itself, the government's failure to timely disclose the existence of the declarant's exculpatory statement contributed to the existence of exceptional circumstances. After consultation with both parties, a scheduling order herein set various deadlines by which the government would turn over discovery and disclosures. It set a February 13 deadline for the government to file any motion "to keep secret the names and identities of civilian witnesses, who otherwise shall be disclosed as set forth" in the scheduling order. The government did not file such a motion. The February 9 order also stated that "by June 5, 2018, the government shall have produced all *Brady-Giglio* material unless allowed by prior order to postpone specific items for reasons of civilian witness security or for other good cause" (Dkt. No. 63).

On June 5, the government disclosed the declarant's identity and the Form 302 documenting her interview. The government had redacted, however, certain of the declarant's identifying information, such as her date of birth and telephone number. Both defendants then moved to compel disclosure of an unredacted version of the FBI Form 302. At the hearing on

3

defendants' motion, the Court did not compel disclosure of the declarant's contact information. Rather, out of concern for the witness' safety, the Court directed the government to facilitate a defense interview of the declarant at the government's offices (Dkt. Nos. 80, 93, 98). As it eventually turned out, however, she had already left the country.

Under *Brady*, disclosure of exculpatory evidence "must be made at a time when the disclosure would be of value to the accused." *United States v. Davenport*, 753 F.2d 1460, 1462 (9th Cir. 1985). Notably, during the special agent's June 2017 interview, the declarant explained that she had a new fiancé in China who did not want to stay in the United States, that she had no kin in the United States, and that she had told Jee Chung Wong "that she was going to China soon." The special agent was therefore on notice in June 2017, more than a year before trial, that an exculpatory witness might soon be leaving the country. Nevertheless, the exculpatory information was not turned over to the defense until nearly a year later. In the interim, as stated, the declarant left the country.

Accordingly, while the government made the disclosure by the June 5 deadline, it failed to meet its *Brady* obligation to disclose while the information would be of value to the accused. Jee Chung Wong lost his ability to subpoena the declarant as a trial witness or otherwise secure her testimony through deposition. The government's failure to timely provide clearly exculpatory information added to the "exceptional circumstances" presented in this case.

The government's argument that Rule 804 is the exclusive way to address the problem of unavailable witnesses is rejected. Rule 804 does not so state. If the requirements of Rule 807 are met, that is sufficient.

For the reasons above, and the ruling as explained from the bench at trial, Jee Chung Wong's motion to admit the declarant's statement under Rule 807 was admitted into evidence. Beyond the statement admitted at trial, the Form 302 did not contain any other *Brady* material. Accordingly, the government's failure to timely provide the Form 302 to the defense was

4

remedied by the admission of that particular statement. Jee Chung Wong, it should be added, was acquitted.

Dated: November 2, 2018.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE